UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. |
| | : | |
| v. | : | |
| | : | |
| **CAROL CALLAHAN BYRNE**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count One

   of the Information, which charges the defendant with a violation

   of Title 21, United States Code, §§ 842(a)(10) and (c)(2)(A), the

   knowing failure to make annual reports to the Attorney General

   concerning List I chemicals manufacturing.  The maximum

   penalty for that offense is imprisonment for a period of one year,

   a fine of $100,000, a maximum term of supervised release of one

year, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $25. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in that count. The defendant agrees, however, that the United States may, at its sole election, seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2

2.  <u>Venue Waiver</u>.  The defendant agrees to knowingly waive the
    right to challenge venue in the United States District Court for
    the Middle District of Pennsylvania.

3.  <u>Term of Supervised Release</u>.  The defendant understands that
    the court may require a term of supervised release.  In addition,
    the defendant understands that as a condition of any term of
    supervised release or probation, the court must order that the
    defendant cooperate in the collection of a DNA sample if the
    collection of a sample is so authorized by law.

4.  <u>No Further Prosecution, Except Tax Charges</u>.  The United
    States Attorney's Office for the Middle District of Pennsylvania
    agrees that it will not bring any other criminal charges against
    the defendant directly arising out of the defendant's
    involvement in the offense described above.  However, nothing
    in this Agreement will limit prosecution for criminal tax
    charges, if any, arising out of those offenses.

5.  <u>Return of Seized Property</u>.  Upon the defendant's entry of a plea
    of guilty, and subject to the joint plea agreement provisions set

3

forth in paragraph 16 of this Plea Agreement, the United States will return to the defendant $223,000 and 300 Canadian Maple Leaf gold coins, seized from the defendant on or about February 22, 2017.

## B. **Fines and Assessments**

6. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

7. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to

4

be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

8. <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

9. <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $25, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment

5

directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

10. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b.  to submit to interviews by the Government regarding the defendant's financial status;

c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

11. Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to

7

which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

12. <u>Acceptance of Responsibility– Two Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

13. Specific Sentencing Guidelines Recommendations.  With respect
    to the application of the Sentencing Guidelines to the
    defendant's conduct, the parties agree to recommend as follows:

    a.  **Pursuant to U.S.S.G. § 2D3.2, the base offense level is 4;
        and**

    b.  **Pursuant to U.S.S.G. § 3B1.1(c), the defendant was an
        organizer, leader, manager, or supervisor.**

Each party reserves the right to make whatever remaining
arguments it deems appropriate with regard to application of
the United States Sentencing Commission Guidelines to the
defendant's conduct.  The defendant understands that this
recommendation is not binding upon either the court or the
United States Probation Office, which may make different
findings as to the application of the Sentencing Guidelines to
the defendant's conduct.  The defendant further understands
that the United States will provide the court and the United
States Probation Office all information in its possession that it

9

deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. **Sentencing Recommendation**

14. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

15. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

    a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

10

b.   The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the court.

c.   The defendant pay any fine imposed in accordance with a
schedule to be determined by the court.

d.   The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without
approval of the Probation Office unless the defendant is in
compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office
and the United States Attorney access to any requested
financial information.

f.   The defendant be confined in a community treatment
center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

    i.   The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

    j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

    k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

    l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

    m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

16.  <u>Joint Plea Agreement</u>.  The defendant agrees and understands that an express condition of this Plea Agreement is that Brian Byrne plead guilty to an information charging a violation of Title 21, United States Code, §§ 842(a)(10) and (c)(2)(A), the

knowing failure to make annual reports to the Attorney General

concerning List I chemicals manufacturing, and that Natural

Advantage LLC, a/k/a Taste Advantage LLC (collectively

"Natural Advantage"), enter a deferred prosecution agreement

to an information charging a violation of Title 21, United States

Code, § 843(a)(9), the distribution and exportation of List I

chemicals without a requisite registration.  The failure of Brian

Byrne to plead guilty to that information, or Natural Advantage

to enter that deferred prosecution agreement, will be grounds

for the United States to rescind this Plea Agreement.  In

addition, the defendant agrees that the United States may, at

its sole election, seek additional charges in the event that the

charges to which Brian Byrne has pleaded guilty, or the

deferred prosecution agreement that Natural Advantage has

entered, are subsequently vacated or set aside by the district

court or any appellate court.  The defendant further agrees to

waive any defenses to the filing of those charges based upon

laches, the assertion of speedy trial rights, any applicable

13

statute of limitations, or any other ground in the event that

Brian Byrne successfully vacates or sets aside any conviction

imposed upon the information, or that Natural Advantage

successfully vacates or sets aside the deferred prosecution

agreement.

E.   **Information Provided to Court and Probation Office**

17. <u>Background Information for Probation Office</u>.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

18. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

14

information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the court's attention,

and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

16

## F.  Court Not Bound by Plea Agreement

21. Court Not Bound by Terms.  The defendant understands that
the court is not a party to and is not bound by this Agreement,
or any recommendations made by the parties.  Thus, the court is
free to impose upon the defendant any sentence up to and
including the maximum sentence of imprisonment for one year,
a fine of $100,000, a maximum term of supervised release of up
to one year, which shall be served at the conclusion of and in
addition to any term of imprisonment, the costs of prosecution,
denial of certain federal benefits, and assessments totaling $25.

22. No Withdrawal of Plea Based on Sentence or Recommendations.
If the court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any pleas should the court decline to
follow any recommendations by any of the parties to this
Agreement.

17

## G. **Breach of Plea Agreement by Defendant**

23. Breach of Agreement.  In the event the United States believes
    the defendant has failed to fulfill any obligations under this
    Agreement, then the United States shall, in its discretion, have
    the option of petitioning the court to be relieved of its
    obligations.  Whether the defendant has completely fulfilled all
    of the obligations under this Agreement shall be determined by
    the court in an appropriate proceeding during which any
    disclosures and documents provided by the defendant shall be
    admissible, and during which the United States shall be
    required to establish any breach by a preponderance of the
    evidence.  In order to establish any breach by the defendant, the
    United States is entitled to rely on statements and evidence
    given by the defendant during the cooperation phase of this
    Agreement, if any.

24. Remedies for Breach.  The defendant and the United States
    agree that in the event the court concludes that the defendant
    has breached the Agreement:

18

a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b. The United States will be free to make any recommendations to the court regarding sentencing in this case;

c. Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d. The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

25. Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this Plea

19

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

20

## H. <u>Licensing, Resignation, and Disbarment</u>

26. <u>Status of Professional License</u>.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

## I. <u>Deportation</u>

27. <u>Deportation/Removal from the United States</u>.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  Defendant still desires to enter into this plea after having been so advised.

21

## J.  **Appeal Waiver**

28. Conditional Appeal Waiver.  The defendant is aware that Title
    28, United States Code, § 1291 affords a defendant the right to
    appeal a judgment of conviction and sentence; and that Title 18,
    United States Code, § 3742(a) affords a defendant the right to
    appeal the sentence imposed.  Acknowledging all of this, the
    defendant knowingly waives the right to appeal the conviction
    and sentence, on the express condition that the Court impose a
    sentence within or below the applicable advisory guidelines
    sentencing range as that sentencing range is determined by the
    Court.  In the event the Court imposes a sentence greater than
    the applicable advisory guidelines sentencing range, as that
    sentencing range is determined by the Court, the defendant
    retains the right to appeal the conviction and sentence.

## K.  **Other Provisions**

29. Agreement Not Binding on Other Agencies.  Nothing in this
    Agreement shall bind any other United States Attorney's Office,

22

state prosecutor's office, or federal, state or local law
enforcement agency.

30. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

31. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering into this Plea Agreement with the defendant because
this disposition of the matter fairly and adequately addresses
the gravity of the series of offenses from which the charges are

23

drawn, as well as the defendant's role in such offenses, thereby
serving the ends of justice.

32. <u>Merger of All Prior Negotiations</u>. This document states the
complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral. This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court. No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea. Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary, and is not the result
of force or threats or promises apart from those promises set
forth in this written Plea Agreement.

24

33. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this plea agreement in detail with the defendant's attorney

who has advised the defendant of the defendant's Constitutional

and other trial and appeal rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

34. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

25

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

5/31/20
Date

CAROL CALLAHAN BYRNE
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/2/2020
Date

J. DAVID REICH
CHRISTOPHER J. PAOLELLA
Counsel for Defendant

DAVID J. FREED
United States Attorney

6/10/20
Date

By: 

PHILLIP J. CARABALLO
Assistant United States Attorney

26